IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALAN WAYNE WILLIAMS,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al,<br><br>Respondents. | Cause No. CV 15-63-GF-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Alan Wayne William's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Williams is a state prisoner proceeding pro se.

For the reasons detailed below, the petition should be denied for lack of merit, and a certificate of appealability should be denied.

## I. Factual and Procedural Background

In March 1999, Williams was sentenced to 20 years with ten suspended for Forgery, and six months concurrent for misdemeanor theft. *See generally*, *Williams v. Killham*, Order, No. OP 13-0120 at 1 (Mont. Mar. 27, 2013). The sentences were ordered to run consecutively to a prior 1998 suspended drug possession sentence. *Id*. Williams filed for postconviction relief, and while the

1

trial court was affirmed, the matter was remanded for the trial court to make additional findings. *Id*. On remand, the parties stipulated to resentencing, with Williams receiving a 20-year prison term, all suspended, consecutive to the five year suspended drug sentence.

In March 2005, Williams was charged with criminal possession of dangerous drugs; in May 2005, Williams was charged with criminal distribution of dangerous drugs. *See generally*, *Williams v. Cory*, Order, No. OP 10-0565 at 1 (Mont. Jan. 18, 2011). The two cases were consolidated for trial and Williams ultimately pleaded guilty to the possession charge in exchange for the dismissal of the distribution charge. *Id*. Williams received a five year prison term; his sentence expired on January 10, 2011. *Id*. at 2. When Williams was released from prison for the drug possession, he received a Notice of Discharge. *See, e.g.*, *Williams v. Killham*, Order, No. OP 13-0120 at 1-2 (Mont. Mar. 27, 2013). Williams has attached that Notice to his present petition. See (Doc. 1-1).

The petition at hand is Williams's second in this Court. He filed the first in 2010. *See Williams v. Mahoney*, No. CV 11-48-GF-SEH (D. Mont. July 14, 2010). There Williams sought credit for time served between May 22, 2005, and February 7, 2006, for the then-pending drug cases. United States Magistrate Judge Keith Strong recommended that the petition be denied for lack of merit because there no is federal right to credit for time served in pretrial custody. *Williams v. Mahoney*,

No. CV 10-48-GF-SHE, Doc. 4 (D. Mont. July 16, 2010). United States District Court Judge Sam E. Haddon ultimately denied the petition. *Williams v. Mahoney*, Order, No. CV 11-48-GF-SHE, Doc. 6 (D. Mont. Aug. 2, 2010).

Additionally, Williams has an extensive history of filing in the state courts. In 2007, Williams filed a petition for a writ of habeas corpus, alleging that he should have received credit for time served while he was out on bail and under house arrest. *Williams v. Mahoney*, Or., No. OP 07-0625 at 1 (Mont. Dec. 5, 2007). Citing *State v. Gulbranson*, 69 P.3d 1187 (Mont. 2003), the Court held that the trial court had the authority to impose reasonable conditions upon Williams's pretrial release, including home arrest, and that although the statutes allow a trial court to provide credit for time served, it is not required to do so. *Id.* at 2-3. The Court denied Williams's petition.

Williams next argued that the Notice he received upon discharge of his five year prison term absolved him from serving any time under supervision and that he was wrongfully required to sign the rules of probation. *Williams v. Killham*, Order, No. OP 13-0120 at 2 (Mont. Mar. 27, 2013). He also argued that the May 2003 sentencing order was ambiguous and confusing. *Id.* Because there was a direct appeal pending, the Court declined to accept original habeas jurisdiction and denied Williams's petition. *Id.* at 2-3. Subsequently, Williams sought to voluntarily dismiss the companion direct appeal. *See State v. Williams*, Order, No.

3

DA 13-0160 (Mont. July 10, 2013).

Williams next sought a writ of habeas corpus claiming that his discharge date was calculated incorrectly. *See Williams v. Birkebile*, No. OP 15-0135. Williams contended that his release date should have been January 27, 2015. There, the Court recited all of Williams's sentencing and revocation history and determined that the Department of Corrections had correctly calculated Williams's discharge date as February 27, 2020. Williams had double-counted his total credit for time served. *Id*. at 1-2. The Court denied Williams's petition.

## II. Analysis

In the present petition, Williams first alleges that the Montana Department of Corrections improperly denied him credit for time served. (Doc. 1 at 4, ¶ 13A). Williams contends that while on probation in 2013 he filed a motion with the trial court to receive prior credit for time served. The motion was granted following a revocation. *Id*. at ¶13A (i). Williams argues that this time should have come off of the probationary term, "leaving [Williams] with only 15 years 8 months to serve when revoked." *Id*.

Williams next claims a due process violation. *Id*. at 5 ¶ 13B. Williams asserts that he was given a "complete and full" discharge by the Department of Corrections on January 11, 2011, and that after 14 months he was then told he needed to sign up for probation. *Id*. at ¶13B (i). Williams contends that the trial

4

court had no authority to revoke his sentence once he had been discharged by the Department of Corrections, and that if there was error, it is the fault of the Department and not Williams. *Id.* While the petition is likely procedurally barred and time-barred, Williams is not entitled to relief on the merits. 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). Federal habeas corpus relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *See Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

In relation to his first claim, Williams has not asserted a federal basis for this claim. This very issue was addressed by the state court, and it was determined that Williams's sentence, as calculated by the Montana Department of Corrections, was correct. *See Williams v. Birkebile*, No. OP 15-0135. Not only has Williams failed

to state a federal basis for this claim, it is not the province of this Court to second-guess the Montana Supreme Court's interpretation of Montana law. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, claim one should be denied on the merits.

In relation to his second claim, Williams would have this Court believe that the document he attaches in support of his petition (doc. 1-1) applies to not just his 2005 drug possession conviction but also to his original 1999 sentence. Williams attempted to raise this argument previously in the state court, *see Williams v. Killham*, Order, No. OP 13-0120 at 2 (Mont. Mar. 27, 2013), but subsequently abandoned it by his voluntary dismissal of the direct appeal advancing this argument. *State v. Williams*, Order, No. DA 13-0160, (Mont. July 10, 2013). Furthermore, Williams' subsequent filings in state court, and his first claim in the present petition, belie Williams's own contention.

The discharge notice pertained to the 2005 prison sentence that he received on the drug conviction. This discharge did not negate or eliminate the remaining time he had to complete on his original 20 year suspended sentence. By disputing the discharge date of the suspended sentence in claim one, Williams acknowledges

its legitimacy. This argument is unavailing. Williams cannot mutate a state law issue into one of federal constitutional law merely by "invoking the specter of a due process violation." *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996). This claim also lacks merit.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Williams has failed to demonstrate the denial of a constitutional right, and there is no basis to encourage further proceedings at this time.

### RECOMMENDATION

1. Mr. Williams's Petition (Doc. 1) should be **DENIED** for lack of merit.
2. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Williams may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Williams must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 28th day of September, 2015.

                                                           /s/ John Johnston
                                                         John Johnston
                                                         United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.