FILED
JAN 2 7 2016
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALAN WAYNE WILLIAMS,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al,<br><br>Respondents. | CV 15–63–GF–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on September 28, 2015, recommending dismissal of Petitioner Alam Wayne Williams's ("Williams") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Williams filed an objection to the Findings and Recommendations on October 19, 2015, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Additionally, "[w]here a petitioner's objections constitute 'perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). Because the parties are familiar with the specifics of this case, the Court will address the factual and procedural background only as necessary to explain its reasoning.

Williams raises three objections to Judge Johnston's Findings and Recommendations: (1) material errors in the factual and procedural background of the Findings and Recommendations; (2) Judge Johnston concluded without evidence that Williams's 2011 notice of discharge related to his 2005 drug possession conviction; and (3) the Findings and Recommendations never address Williams's third claim which raised conflict of interest allegations.

First, Williams argues that the Findings and Recommendations contains multiple material errors in the "Factual and Procedural Background" section. Notwithstanding that fact that this section of the Findings and Recommendations

-2-

is drafted with pinpoint citations to Williams's state court orders, these alleged errors do not affect Judge Johnston's conclusion that Williams failed to assert a federal basis for his claims.

At the heart of Williams's claim is the argument that the Montana Department of Corrections improperly denied him credit for time served. Judge Johnston correctly concluded that this exact claim was previously addressed by the Montana Supreme Court. *See Williams v. Birkebile*, No. OP 15-0135 (Mont. April 29, 2015. As stated by Judge Johnston, federal habeas relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). Here, Williams cannot show fundamental unfairness because the Montana Supreme Court issued a reasoned decision on his claims. *See Hicks. Oklahoma*, 447 U.S. 343, 346 (1980) (due process rights violated by arbitrary disregard of state sentencing laws). Williams first objection is overruled.

Williams also objects to Judge Johnston's conclusion that his 2011 notice of discharge pertained to the 2005 drug conviction. Williams argues that Judge Johnston made this finding without evidence to support it. Upon review of the record, it is clear that Williams's objection is without merit. In 2013, the Montana Supreme Court denied William's Petition for Writ of Habeas Corpus. *Williams v.*

*Killham, et. al.*, OP 13-0120 (Mont. March 27, 2013). In this order, the state court clearly found that Williams's notice of discharge was the result of his 2005 drug conviction. *Williams*, OP 13-0120 at 1. Williams's second objection is overruled.

Lastly, Williams objects to the fact that the Findings and Recommendations never address his third claim in support of his petition. Williams claims that the judge who presided over his revocation proceedings was his former defense attorney. Williams maintains that he told his revocation attorney about this conflict of interest during a hearing and his attorney failed to follow Williams's request to have the judge recuse himself.

Williams is correct that the Findings and Recommendations never addressed his third claim on the merits. However, before taking up Williams's first two claims on the merits, the Findings and Recommendations began its analysis by stating that the petition is likely procedurally and timed-barred. Indeed, Williams third claim is procedurally barred.

Before a court may grant habeas relief, the prisoner petitioner must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Here,

Williams indicates in his petition that he has never raised this issue in the Montana Supreme Court through either a direct appeal, a post-conviction appeal, or a petition for writ of habeas corpus. (Doc. 1 at 9.) Thus, Williams has failed to exhaust his state court remedies and this Court is precluded from hearing his petition as to the third claim.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL. Williams's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED for lack of merit.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 27th day of January, 2016.

Dana L. Christensen, Chief Judge
United States District Court